## No. 6852.

### BYRNE, VANCE & CO. IN LIQUIDATION VS. GEORGE M. MARSHALL.

The citation may be addressed either to the absent defendant or to the curator *ad hoc*, but it must be served on the curator. The residence of the absent defendant need not be stated in the citation; and therefore when the citation was addressed "to J. C. Young, curator *ad hoc* representing absent defendant, a resident of the parish and State aforesaid," it will be understood that the residence is that of the curator.

In answering interrogatories on facts and articles, a party, besides and in addition to his categorical answer, may state facts closely linked to that on which he was questioned; and therefore on an exception of the death of one of the members of the plaintiff firm and the want of proper parties, the party interrogated properly stated that the death occurred after the firm had gone into liquidation, and that the heirs of the deceased had no interest in the liquidation, which was carried on solely for the creditors.

Even if it be true that a liquidator could not sue in that capacity after the death of one of the partners, where the notes are payable to bearer and are indorsed in blank, the holder of them may sue in his own name, although he is only the agent of the owner, and may thus enforce the mortgage securing them, when by its terms it enures to the benefit of any holder of the notes.

APPEAL from the District Court for Tensas.    HOUGH, J.

*T. P. Farrar, E. H. Farrar*, and *E. Philips* for Plaintiff Appellant.    *Spencer Mayo* for Defendant.

The suit was in the name of "Byrne, Vance, & Co., a commercial firm or partnership in liquidation composed of," etc. The firm had gone into liquidation during the life of all its members, and was insolvent. Livandias, the junior partner, was the liquidator. Vance died before the institution of the suit. Marshall, the defendant,

resided in Mississippi. The mortgaged plantation was in Tensas Parish.

Exception was made that the citation stated the residence of the defendant to be in Tensas, which was overruled, and a motion was made to strike out of the answers of Livandais to interrogatories every thing but the categorical "yes," which was sustained. On appeal this last ruling was reversed and the cause remanded.

MARR, J., delivered the opinion, EGAN, J., taking no part, and SPENCER, J., dissenting. A rehearing was granted, and on rehearing WHITE, J., delivered the opinion adhering to the former decree, Spencer, J., again dissenting.